UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON ALAN BROWN,

    Plaintiff,

v.

MATTHEW MACAULEY, et al.,

    Defendants.

_____/

Case No. 1:18-cv-986

HON. JANET T. NEFF

## OPINION AND ORDER

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving an Eighth Amendment claim for failing to protect Plaintiff from an inmate assault. Defendants and Plaintiff filed cross-motions for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending this Court deny both Defendants' and Plaintiff's motions. The matter is presently before the Court on Defendants' objections to the Report and Recommendation. Plaintiff has filed a response. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

    *Objection One.* Defendants object to the Magistrate Judge's conclusion in the Report and Recommendation "that a genuine issue of material fact exists as to whether Defendants' actions meet the subjective component of the deliberate indifference standard" (Obj., ECF No. 137 at PageID.1000). Defendants assert that Defendants Wright and Macauley responded reasonably to

Plaintiff's risk and are therefore entitled to summary judgment (*id.* at PageID.1001-1002). Defendants' argument lacks merit. As properly analyzed by the Magistrate Judge, a trier of fact could conclude that Defendants' actions of transferring Plaintiff would have been reasonable "only if Defendants had entered a SPON [Special Problem Offender Notice] on Fort in Plaintiff's file—as Plaintiff alleges they promised to do—to prevent any future possibility of Fort being housed in the same facility with Plaintiff" (R&R, ECF No. 135 at PageID.989). There remains a genuine issue of material fact as to whether Defendants reasonably responded to Plaintiff's risk given the specific threat of injury by Fort (*id.* at PageID.988-989). Defendants merely restate facts presented to the Magistrate Judge; they fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Therefore, the objection is denied.

*Objection Two.* Defendants object to the Magistrate Judge's recommendation that Defendants are not entitled to qualified immunity on Plaintiff's claims because "the record does not support a finding that Defendants Wright and Macauley violated Plaintiff's Eighth Amendment rights" (Obj., ECF No. 137 at PageID.1002). Defendants argue that "[b]ecause Defendants Wright and Macauley have not violated Plaintiff's Eighth Amendment rights," as argued in Objection One above, they are entitled to qualified immunity (*id.*). Contrary to Defendants' argument, as discussed above, the Magistrate Judge properly concluded that "an issue of fact remains as to whether Defendants were deliberately indifferent to a serious risk of harm to Plaintiff" (R&R, ECF No. 135 at PageID.990). This objection is denied.

*Pending Motion*. Plaintiff has filed a Motion to Use Pseudonyms (ECF No. 143), requesting that the Court refer to two inmates referenced in the case record "under their approved pseudonyms in R. 1 as previously adopted by this Court" (*id*. at PageID.1023). Plaintiff cites no previous order authorizing or requiring the use of "pseudonyms," and the record reflects that his

request to file his complaint under seal was denied (ECF No. 8). In any event, this Opinion and Order does not refer to the two inmates at issue. Plaintiff's motion is therefore denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 137) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 135), is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 71) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 79) is DENIED.

**IT IS FURTHER ORDERED** that the Court DISMISSES Defendants Unknown Normington and Unknown Party #2 pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, as recommended by the Magistrate Judge.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Use Pseudonyms (ECF No. 143) is DENIED.

4

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: September 4, 2020

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge