UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON BROWN #408842,

        Plaintiff,                                                Hon. Janet T. Neff

v.                                                                  Case No. 1:18-cv-986

MATTHEW MACAULEY, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

      This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by a prisoner incarcerated with the Michigan Department of Corrections (MDOC) based on events that occurred while he was housed at Bellamy Creek Correctional Facility (IBC) in 2014 and at Muskegon Correctional Facility (MCF) in 2015. Presently before me is Defendants' Motion for Summary Judgment. (ECF No. 162.) Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to protect him from another inmate, Fort, by not placing a Special Problem Offender Notice (SPON) regarding Fort in Plaintiff's file that would have prevented Fort's subsequent assault of Plaintiff at MCF. In a previous Report and Recommendation issued February 27, 2020 (ECF No. 135) (the 2020 R&R), I recommended that the Court deny Plaintiff's and Defendants' motions for summary judgment. (*Id.* at PageID.987–99.) On September 4, 2020, the Court adopted the 2020 R&R over Defendants' objections. (ECF No. 144.) Subsequently, the Court appointed Plaintiff counsel and entered a Second Amended Case Management Order (ECF No. 151), which provided for an additional period for discovery and a second round of dispositive motions.

In their instant motion, Defendants argue that, as a matter of law, they were not deliberately indifferent to Plaintiff's safety because they acted reasonably, and a SPON was not warranted based on the information they had. Defendants further argue that, regardless of whether a SPON was warranted, Plaintiff cannot show that their conduct was the proximate cause of his injury because Plaintiff offers nothing more than speculation that Fort was the prisoner who assaulted him at MCF. For the reasons that follow, and pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendants' motion be **DENIED**.

The pertinent facts involved in this action are set forth in the 2020 R&R, and familiarity with them will be assumed. In recommending that Defendants' motion for summary judgment be denied, the 2020 R&R stated:

> As for the subjective component, Defendants' argument that they were not deliberately indifferent rests principally upon their statements in their own affidavits. But the facts set forth above, taken from Plaintiff's verified pleadings, suffice to create a genuine issue of material fact as whether Defendants recklessly disregarded a risk of harm. Defendants' assertion that "Plaintiff cannot simply rest on his pleadings" (ECF No. 72 at PageID.359), ignores the legal effect of Plaintiff's verification. While it is true, as Defendants note, that Defendants took some action to abate the risk of harm by transferring Plaintiff, a trier of fact could conclude that a transfer to a different facility would have been reasonable only if Defendants had entered a SPON on Fort in Plaintiff's file—as Plaintiff alleges they promised to do—to prevent any future possibility of Fort being housed in the same facility with Plaintiff.

(ECF No. 135 at PageID.988–89.)

The crux of the prior ruling was that Plaintiff's version of events set forth in his verified amended complaint and affidavit created a genuine issue of material fact. (*Id.* at PageID.982 n.1.) Thus, in now seeking summary judgment, Defendants must deal with Plaintiff's version of the facts. They could do this, for example, by showing that discovery has produced irrefutable evidence of the quality identified in *Scott v. Harris*, 550 U.S. 372 (2007), *i.e.*, a video or audiotape that "blatantly contradict[s]" Plaintiff's version of events such that "no reasonable jury could

believe it." *Id.* at 380. Alternatively, Defendants could present an admission from Plaintiff in his deposition so at odds with his prior statements that it would compel a finding of no genuine issue of material fact. Defendants do neither. Instead, they present arguments that depend entirely on their version of events. Defendants contend that Defendant Wright was not deliberately indifferent because, after interviewing Plaintiff, he decided to place Plaintiff in temporary segregation to protect him from any harm. (ECF No. 163 at PageID.1138–39.) They further contend that Defendant Macauley was not deliberately indifferent because, after conducting the SCC interview of Plaintiff, he decided to transfer Plaintiff to a different facility for his protection. (*Id.* at PageID.1139–40.) Finally, citing Defendant Macauley's testimony, Defendants contend that a SPON was not warranted based on the information Defendant Macauley had. (*Id.* at PageID.1140–42.)

Plaintiff does not dispute that Defendants were not deliberately indifferent when they placed him in temporary segregation and later transferred him, but he alleges more. Plaintiff says that at Wright's direction, he wrote and signed a statement verifying everything that had occurred, for which Wright assured him that Fort would be listed on a SPON in Plaintiff's file. (ECF No. 135 at PageID.984.) Plaintiff further alleges that Macauley assured him during the July 11, 2014 SCC review that he would be transferred with a SPON in his file against Fort. (*Id.*) In spite of Macauley's deposition testimony that a SPON was not warranted, a reasonable jury crediting Plaintiff's version could infer that, at the time, Macauley believed a SPON against Fort was warranted because he assured Plaintiff that one would be placed in his file.

Defendants' causation argument also fails. Although framed as causation, the argument really pertains to the merits of the claim. That is, Defendants contend that Plaintiff's allegation that Fort assaulted him is based on nothing more than speculation. Plaintiff claims that Fort's

3

presence at MCF exposed him to a substantial risk of serious harm. To prevail on his failure-to-protect claim, Plaintiff must establish that: (1) Defendants had reason to believe Fort would assault Plaintiff; and (2) Defendants had both the opportunity and means to prevent the assault. *See Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013). Plaintiff must establish the second element by presenting sufficient evidence that he was attacked by Fort, as opposed to some other prisoner, because his theory is that Defendants could have prevented the assault by issuing a SPON against Fort. In other words, Plaintiff's theory only works if he can show that Fort committed the assault.

Defendants concede that Plaintiff was assaulted at MCF on October 16, 2015, and it is undisputed that Fort was housed at MCF when the assault occurred. (ECF No. 163 at PageID.1143; ECF No. 163-3.) They contend, however, that there is no evidence corroborating the assailant's identity. They note there is no video evidence, and Plaintiff was unable to identify the assailant during his protection interview. (ECF No. 163-4 at PageID.1157.) In fact, Plaintiff admitted in his amended verified complaint that he was unable to get a good look at his assailant because it was dusk. (ECF No. 130 at PageID.953.) Citing a CSJ-686 Request for Protection/Investigation Report reflecting an October 16, 2015 statement from Plaintiff, Defendants also note that Plaintiff reported that he was assaulted by a "short stocky white male whom he ha[d] never seen before." (ECF No. 163-13.) Fort is black. Defendants contend that Plaintiff changed his story a few days later only after he allegedly saw Fort, while Plaintiff was being taken to healthcare to have his wounds checked. Defendants contend that Plaintiff's assertion that Fort stabbed him has no basis in fact.

Plaintiff responds that the CSJ-686 is not admissible, and in any event, it does not accurately report his statement. Instead, Plaintiff claims that he initially thought the assailant was his stocky white friend who had come up behind him and hit him for fun, but realized it was not him after he saw a black male running away. Plaintiff states that it was only several days later, on

4

October 23, 2015, as he was going to a follow-up medical appoint when Fort approached him and said, "see, I told you I'd get you." (ECF No. 169 at PageID.1294 (citing ECF No. 169-2 at PageID.1317).)

Although Plaintiff's evidence is not overwhelming, it is sufficient to create an issue for the jury. First, it is undisputed that Fort was at MCF when Plaintiff was attacked. Second, Plaintiff claims that, while at ICB, Fort had threatened to stab him, and that Wright had told Plaintiff that Fort's religious organization had heard about Plaintiff's allegations of Fort's sexual advances and had ordered Fort to stab Plaintiff to prove that he was not a "fag." (ECF No. 130 at PageID.951.) Finally, Plaintiff's testimony regarding Fort's comments during their encounter on October 23, 2015 directly links Fort to the stabbing. Again, a jury would have ample basis to conclude that Fort attacked Plaintiff if it credits Plaintiff's testimony.

Finally, to the extent Defendants make a causation argument, ordinarily "issues of but-for and proximate causation are ultimately factual determinations and, accordingly, are to be determined by the jury, not the Court." *Long v. County of Saginaw*, No. 12-cv-15586, 2015 WL 2449175, at *2 (E.D. Mich. May 21, 2015); *see also Bailey v. Floyd Cnty. Bd. of Educ. by and through Towler*, 106 F.3d 135, 145 (6th Cir. 1997) ("Ordinarily, causation is a question to be resolved by a jury."). Therefore, on this record, causation provides no basis for summary judgment.

Accordingly, for the reasons set forth above, I recommend that the Court **deny** Defendants' Motion for Summary Judgment. (ECF No. 162.)

Dated: September 10, 2021                     /s/ Sally J. Berens
                                              SALLY J. BERENS
                                              U.S. Magistrate Judge

5

## **NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).