UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JASON BROWN #408842,

    Plaintiff,       NO. 1:18-cv-986

v       HON. JANET T. NEFF

MATTHEW MACAULEY and RUFUS WRIGHT,       MAG. SALLY J. BERENS

    Defendants.

---

Gregory N. Longworth (P49249)
Carolyn Horton (P84635)
Clark Hill PLC
Attorneys for Plaintiff
200 Ottawa Avenue NW, Suite 500
Grand Rapids, MI 49503
616-608-110
glongworth@clarkhill.com

Sara Trudgeon (P82155)
Assistant Attorney General
Attorney for MDOC Defendants
Michigan Department of Attorney General
MDOC Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-3055
trudgeons@michigan.gov

---

## DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION [R. 176]

Defendants, by and through counsel, submit these objections to the Magistrate's report and recommendation. (R. 176.)

### Objection #1: The report and recommendation misapplies the deliberate indifference standard.

The report and recommendation (R&R) does not address the argument that Plaintiff cannot prove the subjective component of the deliberate indifference standard. (R. 176.) The R&R does refer to the R&R (R. 135) on Defendants' previous motion for summary judgment (R. 72), but that motion disputed Plaintiff's facts and was written in response to Plaintiff's original complaint. (R. 1.)

1

Defendant's present motion was written in response to Plaintiff's Amended Complaint (R. 130), and while they do not agree with Plaintiff's version of the facts, there is no dispute of material facts in Defendant's argument that their actions do not meet the subjective component of the deliberate indifference standard.

The deliberate indifference standard has both an objective and a subjective prong. For purposes of summary judgment only, Defendants assumed that Plaintiff's risk of harm was objectively serious. (R. 163, PageID.1138.) However, Plaintiff fails on the subjective component. In determining whether the subjective component of deliberate indifference is met, requires Plaintiff to factually demonstrate that Defendants perceived the facts on which a substantial risk to the plaintiff could be inferred, actually drew the inference of the risk, and then consciously disregarded the risk. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, RUM Wright and Warden Macauley did perceive facts that a substantial risk to Brown could have been inferred, they actually drew the inference of the risk, but *they did not* consciously disregard that risk. They took immediate action as soon as they became aware of the risk. RUM Wright placed Brown in temporary segregation for his protection, and the very next day, once Warden Macauley became aware of the risk, he put in for a transfer for Brown. (R. 163, PageID.1138-40.) Brown remained in temporary segregation for his protection until he was transferred to another facility six days later. (*Id.*, PageID.1135; R.163-2, PageID.1148.) Brown does not dispute these facts.

Because RUM Wright and Warden Macauley immediately took action to remove Brown from a potentially dangerous situation, they did not consciously disregard the alleged risk to Brown's safety. Therefore, Plaintive fails to prove that RUM Wright and Warden Macauley were deliberately indifferent. *See Bishop v. Hackel*, 636 F.3d. 757, 766-67 (6th Cir. 2001).

### **Objection #2: The report and recommendation does not apply the reasonableness standard.**

A prison official may be "free from liability if [he] responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 842. Thus, the question is not what "could have been done differently, but whether [the defendant's] response was *reasonable*." *Mangum v. Repp*, 674 F. App'x 531, 540 (6th Cir. 2017) (emphasis in original) (citing *Farmer*, 511 U.S. at 844).

Accepting Brown's statements as true. If RUM Wright or Warden Macauley told Brown that they would issue a SPON and then failed to do so, that does not mean that they acted with deliberate indifference to a serious risk to his safety. Despite not issuing a SPON, RUM Wright immediately placed Brown into protective custody to ensure his safety. (R. 163, PageID.1138.) Despite not issuing a SPON, Warden Macauley decided to transfer Brown to ensure his safety. (*Id.*, PageID.1140.) RUM Wright and Warden Macauley acted reasonably to ensure Brown's safety.

The R&R states: "Plaintiff does not dispute that Defendants were not deliberately indifferent when they placed him in temporary segregation and later transferred him, but he alleges more." (R. 176, PageID.1350.) However, the

3

question of liability is not whether RUM Wright and Warden Macauley could have done *more* to ensure Brown's safety. The question is whether they acted reasonably. Although a SPON was not issued, Warden Macauley did do more than transfer Plaintiff. He offered to place Plaintiff in protective housing, but Plaintiff declined. (R. 163, PageID.1142.) Because "Plaintiff does not dispute that Defendants were not deliberately indifferent when they placed him in temporary segregation and later transferred him," (R. 176, PageID.1350), this Court should find that RUM Wright and Warden Macauley were not deliberately indifferent to any serious risk of harm to Brown.

**Objection #3: the court is able to decide questions of proximate cause.**

The R&R states that issues regarding proximate causation are factual determinations to be determined by the jury. (R. 176, PageID.1352.) But that is not always the case. Specifically in 42 U.S.C. § 1983 cases, Courts have found that courts are able to decide questions of proximate causation. *See Galeski v. Ricumstrict*, No. CV 17-12495, 2019 WL 5800291, at *8 (E.D. Mich. July 31, 2019), report and recommendation adopted, No. CV 17-12495, 2019 WL 4409711 (E.D. Mich. Sept. 16, 2019), aff'd, No. 19-2128, 2020 WL 5822531 (6th Cir. June 30, 2020) (Ex A). "[A]lthough the question of proximate causation in a section 1983 action is sometimes for the court and sometimes for the jury, the court decides whether reasonable disagreement on the issue is tenable." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996) (citing *Springer v. Seaman*, 821 F.2d 871, 876-77 (1st Cir. 1987)).

4

The Sixth Circuit recently found that the district court did not err in finding that Defendants were entitled to summary judgment due to lack of proximate cause. *Galeski v. Ricumstrict*, No. 19-2128, 2020 WL 5822531, at *4 (6th Cir. June 30, 2020) (Ex B). In *Galeski*, Galeski requested protection from a specific prisoner (possibly two prisoners). *Id.*, at *1. His request for protection was denied by two of the Defendants, both members of the Security Classification Committee (SCC). *Id.* Nearly three weeks later, Galeski was assaulted by the very prisoner he sought protection from. *Id.* A week after that he was assaulted by another prisoner. *Id.* The Sixth Circuit held that Galeski did not show that the defendants were the proximate cause of his injury and the Court had properly granted summary judgement based on lack of proximate cause. *Id.*, at *4. As other courts have decided this issue of proximate cause in other 42 U.S.C. § 1983, and this is not strictly an issue that must be resolved by a jury, it would be appropriate for the court to consider this argument at summary judgment.

Therefore, Defendants respectfully ask this court to consider their proximate cause argument as explained in their motion for summary judgment. (R. 163, PageID.1142-44.) Defendants ask that this Court find, as an alternative basis for summary judgment, that Defendants' actions were not the proximate cause of Plaintiff's injuries.

## CONCLUSION AND RELIEF REQUESTED

Defendants, through counsel, for the reasons explained above, respectfully asks this Honorable Court to overrule the report and recommendation (R. 176), grant Defendants motion for summary judgment (R. 163), and dismiss the remainder of this case in full.

Respectfully submitted,

Dana Nessel
Attorney General


*/s/ Sara Trudgeon*
Sara Trudgeon
Assistant Attorney General
Attorney for MDOC Defendant
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
trudgeons@michigan.gov
P82155

Dated:  September 24, 2021

---

**PROOF OF SERVICE**

I hereby certify that on September 24, 2021, the foregoing paper was presented and uploaded to the United States District Court ECF System which will send notification of such filing to the attorneys of record listed herein and I hereby certify that a copy of this same document(s) was mailed by US Postal Service to any involved non-ECF participant.

*/s/ Sara Trudgeon (P82155)*
Assistant Attorney General
Attorney for Defendants
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055