UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON BROWN #408842,

                  Plaintiff,                            Hon. Janet T. Neff

v.                                           Case No. 1:18-cv-986

MATTHEW MACAULEY,

                  Defendant.

_____/

## ORDER

The Court has before it Plaintiff's Motion for Spoliation Sanction and Adverse Presumption Instruction (ECF No. 159), in which Plaintiff seeks a spoliation jury instruction based on Defendants' failure to preserve a handwritten statement prepared by Defendant Wright and supplemented by Plaintiff that was, or should have been, attached to the CSJ-686 Request for Protection/Investigation Report that CPC Hull prepared. Defendant has responded to the motion. (ECF No. 168.)   For the reasons that follow, the motion is **DENIED**.

The Court has plowed this ground before. On October 9, 2019, Plaintiff filed a Motion for Spoliation (ECF No. 89), asserting that Defendants had destroyed Defendant Wright's notes attached to the CSJ-686, which would have demonstrated that Plaintiff identified Fort to Wright and provided details about Fort's sexual harassment/abuse and extortion threats toward Plaintiff. This motion was addressed in two orders, entered on December 4, 2019, and February 28, 2020. (ECF Nos. 116 and 136.) In its February 28, 2020 Order denying the motion, the Court stated:

> The statements of both affiants [Hull and Wright] are based on personal knowledge, and both are competent to testify to the matters stated therein. Moreover, contrary to Plaintiff's assertion, the subject affidavits do not contradict the July 10, 2014 CSJ-686 Request for Protection/Investigation Report that Hull prepared. Rather,

they explain the circumstances surrounding Hull's statement that "Wright interviewed Brown resulting in additional information (attached) and had prisoner Brown escorted to temporary segregation." (ECF No. 109-2.) Hull explained that she included the wording "attached" in her report because Wright told her he would be adding the attachment to the report. (ECF No. 109-3 at PageID.793.) Hull had no knowledge of whether Wright actually attached the additional information to her report. (*Id.*) Wright confirms that he never provided Hull any attachment or document for her report. (ECF No. 120 at PageID.862.) There is no basis to strike either affidavit.

As for Plaintiff's motion for spoliation, as the Court previously indicated, the Hull and Wright affidavits refute Plaintiff's suggestion that Defendants or individuals acting on their behalf destroyed or failed to preserve evidence with a culpable state of mind. *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010) (quoting *Res. Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)). Regardless, Plaintiff is free to testify about the notes he claims Wright created and/or the statement he claims Wright had him sign that Plaintiff believes Hull referenced in her report.

(ECF No. 136 at PageID.994–95.)

Plaintiff's instant motion essentially rehashes his prior motion, albeit with deposition testimony that was unavailable at the time Plaintiff filed his initial motion. But even with that testimony, nothing has changed. For example, consistent with her affidavit that Defendants filed in response to Plaintiff's earlier motion, CPC Hull testified that she "assumed [Wright] either had additional information or different information" that he would be attaching to the CSJ-686, which is why she included the statement "RUM Wright interviewed Brown resulting in additional information (attached)," on the form. (ECF No. 160-1 at PageID.1104–05; ECF No. 168-6.) CPC Hull further stated that she had no idea what Defendant Wright did after she prepared the CSJ-686 and sent it on to Defendant Wright. (*Id.* at PageID.1104) Similarly, Defendant Wright denies that he would ever ask a prisoner to sign his handwritten notes (ECF No. 168-5 at PageID.1277), and he says that he did not prepare a report to attach to the CSJ-686. (ECF No. 163-8 at PageID.1181.) Moreover, all MDOC witnesses, including Defendants McCauley and Wright, testified that Plaintiff did not complain about Fort threatening him in a sexual manner. (*Id.* at PageID.1177;

2

ECF No. 160-1 at PageID.1105; ECF No. 163-12 at PageID.1237; ECF No. 168-4 at PageID.1271.)

In short, a question of fact remains as to whether Defendant Wright had Plaintiff supplement Wright's interview notes and sign them, as Plaintiff claims, or whether Plaintiff did not sign a statement, as Defendant Wright claims. A request for a spoliation sanction, by its nature, assumes the existence of spoliated evidence. In the present circumstances, however, it remains an open question whether the evidence Plaintiff cites existed at all. If the signed notes/statement never existed, there would be no basis for a spoliation sanction. *See Otero v. Wood*, 316 F. Supp. 2d 612, 619–20 (S.D. Ohio 2004) (denying the plaintiff's request for summary judgment on liability as a spoliation sanction because the plaintiff had "not established that the evidence that was allegedly destroyed ever actually existed"). As noted in the February 28, 2020 Order, Plaintiff remains free to testify about the notes/statement that Defendant Wright created, including its contents, and he can argue that both Defendants had the statement and were aware of its contents. By the same token, Defendants are free to dispute that it existed.

In their response, Defendants suggest that "an evidentiary hearing is required to determine whether an attachment to the CSJ-686 was ever created and attached to the form." (ECF No. 168 at PageID.1254.) It is not clear whether Defendants mean that the Court should hold an evidentiary hearing, but they cite no caselaw indicating that a court may assume the role of factfinder in these circumstances. In the absence of such authority, the Court finds no reason not to treat the existence of the disputed evidence, including its contents, as an issue for the jury to decide at trial. Whether the disputed notes/statement existed boils down to a credibility determination, which is for the jury and not the Court.

3

Accordingly, Plaintiff fails to demonstrate that a spoliation sanction is warranted.

**IT IS SO ORDERED**.

Dated: November 17, 2021                                          /s/ Sally J. Berens
                                                                 SALLY J. BERENS
                                                                 United States Magistrate Judge