UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON ALAN BROWN #408842,

    Plaintiff,

v.

MATTHEW MACAULEY, et al.,

    Defendants.
_____/

Case No. 1:18-cv-986

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving an Eighth Amendment claim for failing to protect Plaintiff from an assault from another inmate. Defendants filed a second motion for summary judgment, arguing that they were not deliberately indifferent to Plaintiff's safety and that their conduct was not the proximate cause of Plaintiff's injury. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R. & R.), recommending that the Court deny Defendants' motion for summary judgment (ECF No. 176). The matter is presently before the Court on Defendants' objections to the Report and Recommendation (ECF No. 177). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Defendants first two objections are related. They argue that the Magistrate Judge (1) failed to address the subjective component of the deliberate indifference standard, and (2) failed to apply a reasonableness standard when evaluating Defendants' actions (Obj., ECF No. 177 at

PageID.1354-1356). Both arguments are without merit. When denying Defendants' first motion for summary judgment, this Court determined that a genuine issue of material fact exists as to whether Defendants' actions met the subjective component of the deliberate indifference standard (Op. & Ord., ECF No. 144 at PageID.1026-1027). This Court reasoned that "a trier of fact could conclude that Defendants' actions of transferring Plaintiff would have been reasonable 'only if Defendants had entered a SPON [Special Problem Offender Notice] on Fort in Plaintiff's file—as Plaintiff alleges they promised to do—to prevent any future possibility of Fort being housed in the same facility with Plaintiff'" (*Id.* at PageID.1027 quoting R. & R., ECF No. 135 at PageID.989).

The Magistrate Judge relied on the same reasoning in the current R. & R. This case comes down to two different stories. According to Defendants, they were not deliberately indifferent and acted reasonably because they put Plaintiff in temporary segregation for protection and subsequently transferred Plaintiff to a different facility. According to Plaintiff, Defendants' conduct was not reasonable because they needed to issue a SPON, which is exactly what Defendants told Plaintiff that they were going to do. Based on the conflicting versions of events, the Court agrees that a genuine issue of material fact still remains as to whether Defendants reasonably responded to Plaintiff's risk given the specific threat of injury. Therefore, the objection is denied.

Defendants also argue that the Magistrate Judge erred by determining that the issue of proximate causation is a factual determination that must be determined by the jury (Obj., ECF No. 177 at PageID.1357). Defendants, however, fail to demonstrate any legal error in the Magistrate Judge's conclusion that causation provides no basis for summary judgment on this record. The Magistrate Judge correctly determined that proximate causation is generally a factual determination to be determined by the jury (R. & R., ECF No. 176 at PageID.1352). Defendants

argue that the general rule does not apply in this case and cite to *Galeski v. Ricumstrict*, No. 19-2128, 2020 WL 5822531 (6th Cir. June 30, 2020).[1]  *Galeski* is easily distinguishable.  Although *Galeski* involved a somewhat similar failure to protect claim, the plaintiff, himself, requested to be taken off in-cell status even though he admitted that in-cell status would have protected him from other prisoners.  *Id*. at *4.  Moreover, after requesting to no longer be on in-cell status, the plaintiff did not file any other kites requesting protection or express that he felt he was in danger again until after he was assaulted.  *Id*.  Based on these facts, the Sixth Circuit held that the defendants' actions were not the proximate cause to the plaintiff's injuries.  *Id*.  No such facts are present in this case.  The Court agrees with the Magistrate Judge that the proximate cause determination must be made by the jury in this case.  Defendants' third objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 177) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 176) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 162) is DENIED.

Dated:  February 24, 2022                                   /s/ Janet T. Neff
                                                            JANET T. NEFF
                                                            United States District Judge

---

[1] The Court notes that Defendants failed to address *Galeski* in the briefing before the Magistrate Judge.